J-S63023-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL BRYANT HENRY | |
| Appellant | No. 209 WDA 2017 |

Appeal from the PCRA Order Dated January 4, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000595-1993

BEFORE: BOWES, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SOLANO, J.:                    FILED DECEMBER 22, 2017

Appellant Michael Bryant Henry appeals pro se from the order dismissing his seventh collateral petition, which was styled as a petition for a writ of habeas corpus and which the court below treated as one brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

This Court previously summarized the procedural history of this case as follows:

> On October 8, 1993, following a jury trial, Appellant was convicted of first degree murder and criminal conspiracy. Appellant was sentenced to a term of life imprisonment for the murder conviction and to a consecutive term of five to ten years' imprisonment for the conspiracy conviction. On October 24, 1994, this Court affirmed the judgment of sentence and on March 14, 1995, our Supreme Court denied appeal. Commonwealth v. Henry, 654 A.2d 600 (Pa. Super. 1994) (unpublished memorandum), appeal denied, 657 A.2d 488 (Pa. 1995).

On January 15, 1997, Appellant filed his first PCRA petition. Counsel was appointed and two amended petitions were filed. Thereafter, the PCRA court denied Appellant relief and the decision was affirmed on appeal. Commonwealth v. Henry, 726 A.2d 411 (Pa. Super. 1998) (unpublished memorandum), appeal denied, 737 A.2d 741 (Pa. 1999). On February 8, 2000, Appellant filed a second PCRA petition which the court denied and from which no appeal was taken. On January 27, 2006, Appellant filed a third PCRA petition which the court denied and from which no appeal was taken. On February 23, 2007, Appellant filed a writ of habeas corpus which the court treated as a fourth PCRA petition. The PCRA court subsequently dismissed the petition and the decision was affirmed on appeal. Commonwealth v. Henry, 945 A.2d 762 (Pa. Super. 2007) (unpublished memorandum), appeal denied, 952 A.2d 675 (Pa. 2008).

On March 25, 2009, Appellant filed . . . his fifth petition pursuant to the PCRA.

Commonwealth v. Henry, No. 792 WDA 2009, at 1-2 (Pa. Super. Jan. 25, 2010). On January 25, 2010, this Court affirmed the PCRA court's dismissal of Appellant's fifth PCRA petition as untimely. On August 8, 2012, Appellant filed his sixth PCRA petition, which the PCRA court dismissed on September 24, 2012.

Finally, on December 7, 2016, Appellant, acting pro se, filed the present petition, styled as a petition for a writ of habeas corpus. His petition claimed that "18 Pa.C.S. § 1102 (a) is unconstitutional and void under the vagueness doctrine" and requested "his immediate release from confinement." Pet. for Writ of Habeas Corpus, 12/7/16, at 1, 24. The PCRA court treated the petition as a PCRA petition, and, on December 12, 2016, the PCRA court gave notice of its intent to dismiss Appellant's petition

- 2 -

without a hearing pursuant to Pa.R.Crim.P. 907, because the petition was "without a trace of support in either the law or by statute." Order, 12/12/16, at 4. Appellant filed a response on December 28, 2016. On January 4, 2017, the PCRA court dismissed the petition. On February 1, 2017, Appellant filed a timely notice of appeal.

Appellant now presents the following issues for our review:

I. Whether [Appellant] is eligible for relief under Pennsylvania habeas corpus provisions?

II. Whether Title 18 Pa. C.S. §1102(a) is void for vagueness where it fails to inform [Appellant] that first degree murder carries a penalty of life imprisonment without parole in violation of his state and federal constitutional rights?

Appellant's Brief at 3. Appellant contends that 18 Pa.C.S. § 1102(a)(1),[*] which sets forth the sentence imposed for a conviction of first-degree murder, is unconstitutional because it is void for vagueness as it failed to inform him that the term "life imprisonment" means without parole. Appellant's Brief at 10-11. He contends this issue is not cognizable under the PCRA and thus has no "time-bar." He states, "An unconstitutional

_____

[*] Section 1102(a)(1) states:

Except as provided under section 1102.1 (relating to sentence of persons under the age of 18 for murder, murder of an unborn child and murder of a law enforcement officer), a person who has been convicted of a murder of the first degree or of murder of a law enforcement officer of the first degree shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree).

statute is ineffective for any purpose, as its unconstitutionality dates from the time of its enactment and not merely from the date of the decision holding it so." Appellant's Brief at 4.

We initially address whether the PCRA court erred in considering Appellant's petition for a writ of habeas corpus to be a PCRA petition. Appellant's Brief at 6-10. The PCRA provides: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus[.]" 42 Pa.C.S. § 9542. "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of habeas corpus." Commonwealth v. Taylor, 65 A.3d 462, 466 (Pa. Super. 2013) (citations omitted). "[T]he writ continues to exist only in cases in which there is no remedy under the PCRA." Commonwealth v. Peterkin, 722 A.2d 638, 640 (Pa. 1998). To test whether the defendant has a remedy under the PCRA, the court must ascertain whether the PCRA itself applies. Id. In the current action, as stated above, Appellant's claim in his petition challenges the propriety of his sentence. Because Appellant's claim is cognizable under the PCRA, and thus Appellant has a remedy under the PCRA, the PCRA court

- 4 -

correctly considered Appellant's petition as a PCRA petition and not a petition for a writ of habeas corpus. See Peterkin, 722 A.2d at 640.

Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error. Commonwealth v. Wilson, 824 A.2d 331, 333 (Pa. Super.) (en banc), appeal denied, 839 A.2d 352 (Pa. 2003); see also Commonwealth v. Andrews, 158 A.3d 1260, 1262-63 (Pa. Super. 2017).

Before addressing the merits of Appellant's remaining issue, we must examine whether the PCRA court erred in holding that Appellant's PCRA petition was time-barred, see PCRA Ct. Op., 8/9/16, at 2, as the timeliness requirements in the PCRA are jurisdictional. See Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. See 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." Id. § 9545(b)(3).

As this Court observed in considering one of Appellant's earlier petitions:

> Appellant's judgment of sentence became final on June 12, 1995, 90 days after our supreme court denied appeal and the

time for filing a petition for writ of certiorari with the United States Supreme Court expired. See 42 Pa.C.S.A. § 9545(b)(3); Rule 13, Rules of the United States Supreme Court. Therefore, appellant had until January 16, 1997 to file this PCRA petition[.]

Commonwealth v. Henry, No. 877 WDA 2007, at 4 (Pa. Super. Dec. 26, 2007). Appellant did not file the instant petition until December 7, 2016. Thus, Appellant's current petition is untimely on its face, as it was not filed within a year of his judgment of sentence becoming final.

A PCRA petitioner may file a petition outside the time required under the statute only if he pleads and proves that one of the exceptions to the statutory time requirement is met. See 42 Pa.C.S. § 9545(b)(i)-(iii); see also Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 783 (Pa. 2000). The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking one of the exceptions must be filed within sixty days of the date the claim could have been presented. Id. § 9545(b)(2). A claim that a sentence is illegal because it is

based on an unconstitutional statute must nonetheless be raised in a timely PCRA petition. See *Commonwealth v. Washington*, 142 A.3d 810, 822 (Pa. 2016) ("The 'eligibility for relief' provision of the PCRA does not speak of 'illegal sentences,' much less sentences argued to be illegal via retroactive operation of non-retroactive, . . . constitutional rules."); *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014); *see also Commonwealth v. Whitehawk*, 146 A.3d 266, 270 (Pa. Super. 2016) ("a legality of sentencing issue must be raised in a timely filed PCRA petition"); *Taylor*, 65 A.3d at 465 ("although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition").

Appellant did not plead and prove any of these statutory exceptions to the PCRA's timeliness requirements. Appellant does not explain how his Section 1102 argument fulfills any one of the three timeliness exceptions. Accordingly, Appellant's petition is untimely, and the PCRA court properly dismissed Appellant's petition for lack of jurisdiction.

Thus, having found that Appellant's petition was properly dismissed, we will affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2017